UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20587

v.

RICHARD BERRY NEAL
_____/

## **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant Neal be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX    (1)    The Government moved for detention at Defendant's first appearance pursuant to:

      XX    18 U.S.C. § 3142(f)(1).

      __    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

__ the date of conviction, **or**

__ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

<u>XX</u> for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

__ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

__ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

\_\_ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

<u>XX</u> both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(I):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine. I find that from the grand jury having returned an Indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 30 years of age. Since April of this year, Defendant has resided in Davenport, Iowa. Prior to that time, Defendant resided in Michigan, Iowa and Indiana. Defendant was born in Saginaw, Michigan, is not married (but was living with a girlfriend at the time of his arrest), and is

3

currently unemployed.  Counsel for Defendant notes that while living in Saginaw, Defendant was employed for a period of time at a restaurant.  Defendant reported to Pretrial Services in Iowa that he had experimented with ecstasy, marijuana and alcohol in the past.  The Pretrial Services report implies that Defendant is not a regular user of controlled substances.

In April1998, at age 18, Defendant was charged with delivery/manufacture of marijuana and delivery/manufacture of cocaine less than 50 grams.  In June 1999, he pled guilty to the marijuana charge and was sentenced to 14 years' imprisonment.  Defendant was found guilty of the cocaine charge and was sentenced to 1½ to 20 years' imprisonment.  Apparently, these terms were to run concurrently.  While on parole, Defendant submitted to eight urinalysis tests between April and November of 2000 which were positive for either marijuana or cocaine.  In March 2000, while on parole, Defendant was convicted of driving while license suspended.  Defendant was released from custody and paroled in March 2007.

Review of the indictment indicates that the allegations of distribution of cocaine charged in Counts One and Two occurred while Defendant was on parole.  The distribution charged in Count Three is alleged to have taken place one week after Defendant was released from parole.  Counsel for Defendant points out that there are no allegations of physical violence contained in the Indictment, nor are there any allegations of the of the use or brandishing of weapons in Defendant's past criminal history.  While that representation appears to be correct, it overlooks the fact that several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community.  *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989)

4

("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

Counsel for Defendant suggests the imposition of bond with conditions including a tether and residence with Defendant's mother and sister. While I presume that Defendant's family is supportive and desires to help Defendant, it is equally clear that since his release from prison, any efforts of Defendant's family to keep him in compliance with the conditions of his parole have been unsuccessful. There is nothing in this record to suggest that they will have any greater likelihood of success if given another opportunity.

In light of Defendant's consistent criminal history, the fact that the allegations of two counts of the indictment are said to have taken place while Defendant was on parole, and Defendant's apprehension in another state (although I note he is not charged with being a fugitive), I find that the presumption in favor of detention has not been rebutted on the evidence presented. These same facts force me to conclude that even if it had been rebutted, there are no conditions nor any combination of conditions which I could craft which would reasonably assure the safety of the community or Defendant's appearance as required. Accordingly, the Government's motion to detain will be **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
CHARLES E. BINDER
Dated: August 18, 2010         United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and David Koelzer, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: August 18, 2010       By   s/*Jean L. Broucek*
                                 Case Manager to Magistrate Judge Binder